**NOT FOR PUBLICATION**

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JUDITH LEE,<br><br>　　　　　　　Plaintiff,<br><br>v.<br><br>JOSEAN ALEXANDER, et al.,<br><br>　　　　　　　Defendants. | Civil Action No: 19-1033-SDW-LDW<br><br>**OPINION**<br><br><br>March 27, 2019 |

**WIGENTON**, District Judge.

Before this Court is Defendants Rutherford Board of Education, Jack Hurley ("Hurley"), and Frank Morano's ("Morano") (collectively, the "School Defendants")[1] Motion to Dismiss Plaintiff Judith Lee's ("Plaintiff" or "Lee") Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). Jurisdiction is proper pursuant to 28 U.S.C. § 1331 and § 1367(a). Venue is proper pursuant to 28 U.S.C. § 1391. This opinion is issued without oral argument pursuant to Federal Rule of Civil Procedure 78. For the reasons stated herein, the Motion to Dismiss is **GRANTED**.

## I.　　BACKGROUND AND PROCEDURAL HISTORY

On or about August 21, 2014, Plaintiff, then a high-school student at Rutherford High School ("RHS"), attended a private party at the home of Defendant Juan Rivas. (D.E. 1 at 3 ¶ 1.)

---

[1] Josean Alexander, Jonathan Rua, Javier Rodriguez, Gavin Zapata, Juan Rivas, Franklin Rodriguez, Karina Rua, Shelina Baez, Melissa Zapata, Julius Rivas, John Does 1-10, and ABC Corps. 1-10 are also named defendants, but none have joined the instant motion to dismiss.

While at the party, Plaintiff was sexually assaulted by four young men, who later shared pictures of her assault on the internet and in text messages. (*Id.* at 4 ¶¶ 2-5.) Plaintiff subsequently filed criminal charges against her attackers, all of whom pled guilty to reduced charges. (*Id*. ¶¶ 5-7.) When Plaintiff returned to school in the fall, she was "horrified" to discover that her attackers were students there as well. (*Id.* ¶ 8.) Plaintiff alleges that she was forced to "face her attackers" on a daily basis and endure being "harassed" by their friends. (*Id.* at 5 ¶ 9.) Plaintiff alleges that her requests to "transfer to another school" or to be home schooled "were denied." (*Id.* ¶¶ 10-14.) The Complaint does not state when, how, or to whom those requests were made or when, how, or by whom those requests were denied. Plaintiff then stopped attending school, although the Compliant is silent as to when she stopped attending and if she ever returned. (*Id.*) During the relevant times in question, Hurley was the Superintendent of the Rutherford School District and Morano was the Principal of RHS.

On January 4, 2019, Plaintiff filed a twelve-count suit in the Superior Court of New Jersey, Law Division, Bergen County alleging that the School Defendants and others violated her federal and state constitutional, statutory, and common law rights. (D.E. 1.) Defendants removed to this court on January 24, 2019. (*Id.*) On February 8, 2019, the School Defendants moved to dismiss the claims against them.[2] (D.E. 2.) Briefing was completed on March 4, 2019. (D.E. 4, 5, 6.)

## II.  LEGAL STANDARD

An adequate complaint must be "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). This Rule "requires more than labels and

---

[2] The School Defendants are named in all counts of the Complaint except for Count One (a claim for assault and battery against Plaintiff's attackers Josean Alexander, Jonathan Rua, Javier Rodriguez, and Gavin Zapata) and Count Eleven (a claim for negligent supervision against Juan Rivas, Julius Rivas, Franklin Rodriguez, Karina Rua, Melissa Zapata, and Shelina Baez).

conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level[.]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted); *see also Phillips v. Cty. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (stating that Rule 8 "requires a 'showing,' rather than a blanket assertion, of an entitlement to relief").

In considering a Motion to Dismiss under Rule 12(b)(6), the Court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips*, 515 F.3d at 231 (external citation omitted). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also Fowler v. UPMC Shadyside*, 578 F.3d 203 (3d Cir. 2009) (discussing the *Iqbal* standard). Determining whether the allegations in a complaint are "plausible" is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. If the "well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," the complaint should be dismissed for failing to "show[] that the pleader is entitled to relief" as required by Rule 8(a)(2). *Id.*

### III. DISCUSSION

#### A. Section 1983 Claim (Count 5)

42 U.S.C. §1983 provides in relevant part:

> [e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the

3

> Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress[.]

Section 1983 does not itself, create any rights, it merely provides "private citizens with a means to redress violations of federal law committed by state [actors]." *Woodyard v. Cty. of Essex*, 514 F. App'x 177, 180 (3d Cir. 2013); *see also Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979); *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906-07 (3d Cir. 1997); *O'Toole v. Klingen*, No. Civ. 14-6333, 2017 WL 132840, at *5 (D.N.J. Jan. 13, 2017); *Thomas v. E. Orange Bd. of Educ.*, 998 F. Supp. 2d 338, 350 (D.N.J. 2014).

To bring a § 1983 claim, "a [] plaintiff [must] prove two essential elements: (1) that the conduct complained of was committed by a person acting under color of state law; and (2) that the conduct deprived the plaintiff of rights, privileges, or immunities secured by the Constitution or laws of the United States." *Schneyder v. Smith*, 653 F.3d 313, 319 (3d Cir. 2011); *Hilton v. Whitman*, No. Civ. 04-6420, 2008 WL 5272190, at *4 (D.N.J. Dec. 16, 2008) (noting that the plaintiff must "identify the exact contours of the underlying right said to have been violated"). For a municipality to be held liable under the theory of respondeat superior, the constitutional harm alleged must be caused by a municipal policy or custom. *Monell v. Dep't of Soc. Serv. of N.Y.*, 436 U.S. 658, 694 (1978); *see also Chavarriaga v. N.J. Dep't of Corr.*, 806 F.3d 210, 223 (3d Cir. 2015); *Mattern v. City of Sea Isle*, 131 F. Supp. 3d 305, 318 (D.N.J. 2015).

Plaintiff's § 1983 claim is based on an alleged deprivation of "her First Amendment right to free speech, expression, and association." (D.E. 1 at 9-10, 17.) Parties seeking to assert a First Amendment claim must show: 1) that they engaged in protected activity, 2) adverse action by the defendant, and 3) that the protected activity was a "substantial or motivating factor" in the adverse action. *Swineford v. Snyder Cty.*, 15 F.3d 1258, 1270 (3d Cir. 1994); *see also J.G. on behalf of K.C. v. Hackettstown Pub. Sch. Dist.*, Civ. No. 18-2365, 2018 WL 3756952, at *3-4 (D.N.J. Aug.

4

8, 2018). Here, Plaintiff's complaint does not contain a single fact alleging that Plaintiff engaged in any protected activity, nor that the School Defendants took any adverse action against her. Rather, Plaintiff generally avers only that she was understandably upset to be attending classes with her attackers and stopped coming to school when her requests to transfer or home school were denied. This Court is not able to infer a First Amendment claim from these pleadings. Therefore, Plaintiff's § 1983 claim (Count Five), brought against the School Defendants, "John Does 1-10," and "ABC Corps. 1-10" will be dismissed in its entirety.[3]

    B. <u>New Jersey State Law Claims</u>

Plaintiff's remaining claims sound in state law, including: Assault and Battery (Count One); Intentional Infliction of Emotional Distress (Count 2); Negligent Infliction of Emotional Distress (Count 3); Punitive Damages (Count 4); Hostile Education Environment in Violation of the New Jersey Law Against Discrimination ("NJLAD") (Count 6); Breach of Duty to Provide a Safe School (Count 7); Violation of N.J.S.A. 18a:37-15 (Count 8); Negligent Hiring, Retention and Supervision (Count 9); Violation of the New Jersey Civil Rights Act ("NJCRA") (Count 10)[4]; Negligent Supervision (Count 11); and Invasion of Privacy Intrusion on Seclusion (Count 12). Although 28 U.S.C. § 1367 permits federal courts to exercise jurisdiction over state law claims, "if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional

---

[3] Plaintiff also names "John Does 1-10" and "ABC Corps. 1-10" as defendants. Although courts may "allow claims based upon 'fictitious' defendants because they may be found and named later through the discovery process," *K.J. ex rel. Lowry v. Div. of Youth & Family Servs.*, 363 F. Supp. 2d 728, 740 (D.N.J. at 2005) (citing *Alston v. Parker*, 363 F. 3d 229, 233 n.6 (3d Cir. 2004)), where Plaintiff has failed to plead facts sufficient to sustain a claim against any defendant, claims against these fictitious defendants will be dismissed as well.

[4] Although this Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims, if it were to reach Plaintiff's state constitutional claim for violation of her First Amendment rights pursuant to the NJCRA (Count 10), it would also be dismissed. *See, e.g.*, *O'Toole v. Klingen*, Civ. No. 14-6333, 2017 WL 132840, at *5 (D.N.J. Jan. 13, 2017) (noting that the NJ nCRA is "interpreted analogously to Section 1983"); *see also Trafton v. City of Woodbury*, 799 F. Supp. 2d 417, 443 (D.N.J. 2011) (noting that the NJCRA "was modeled after [] § 1983").

5

sense, the state claims should be dismissed as well." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966); *see also Stehney v. Perry*, 907 F. Supp. 806, 825 (D.N.J. 1995) ("[A] federal district court may decline to exercise its supplemental jurisdiction over state law claims if all federal claims are dismissed."); *Washington v. Specialty Risk Servs.*, Civ. No. 12-1393, 2012 WL 3528051, at *2 (D.N.J. Aug. 15, 2012) (noting that "where the claim over which the district court has original jurisdiction is dismissed before trial, the district court *must* decline to decide the pendent state claims") (alterations in original) (citing *Hedges v. Musco*, 204 F.3d 109, 123 (3d Cir. 2000)) (internal citations omitted). This Court declines to exercise supplemental jurisdiction over Plaintiffs' state law claims and will dismiss all remaining counts.

## IV. CONCLUSION

For the reasons set forth above, the School Defendants' Motion to Dismiss is **GRANTED** as to Count Five of the Complaint. The Clerk of the Court shall remand this matter to the Superior Court of New Jersey, Law Division, Bergen County. An appropriate order follows.

                                                       /s/ Susan D. Wigenton
                                         **SUSAN D. WIGENTON, U.S.D.J.**

Orig:        Clerk
cc:          Leda D. Wettre, U.S.M.J.
                Parties